## WHEELER et al. v. O'BRIEN, County Treasurer.

No. 24512. March 8, 1934.

Jas. R. Wood, for plaintiffs in error.

Wylie Snow, County Attorney, for defendant in error.

OSBORN, J. This is an action for injunction filed in the district court of Coal county by Felix Wheeler and W. H. Stouse, taxpayers of said county, against W. J. O'Brien, county treasurer of said county, wherein it is sought to enjoin said treasurer from apportioning to the common school funds of said county certain funds collected by him from the sale of property purchased by the county at a tax resale. The application for injunction was denied by the trial court, and plaintiffs appeal.

Defendant relies upon the provisions of section 12755, O. S. 1931, which provides in part as follows:

"* * * In case no bidder offers or bids the amount due upon any tract of real estate other than the lots located in any city or town, as above provided and offered for sale, the county treasurer shall bid off the same in the name of the county for the amount of taxes, penalties and costs due thereon, and shall issue a deed therefor in the name of the chairman of the board of county commissioners and his successors in office for the use and benefit of the county, and thereafter said property shall be exempt from assessments for ad valorem taxes so long as the title is held for the county; provided, that in no event shall the county be liable to the state or any taxing district thereof for any part of the amount for which any property may be sold. Any property acquired by the county under the provisions of this section may be sold by the treasurer at such price as may after notice by publication be approved by the board of county commissioners. Said notice of publication shall be given by the treasurer in the official county paper or some paper designated by the board of county commissioners and shall embrace a description of the property, the price and to whom proposed to be sold and stating that he will on a given date to be stated in the notice apply to the board of county commissioners for its approval of said sale and for an offer (sic) directing that deed for said property be executed by the chairman of said board. The proceeds of sale of any property acquired by the county under the provision hereof shall accrue to the common school fund of the county. * * *"

Plaintiffs contend that the portion of the above statute which directs the distribution of the funds to the common school funds of the county is unconstitutional, being violative of section 19, art. 10, of the Constitution which provides: "No tax levied and collected for one purpose shall be devoted to another purpose," and that the apportionment of said funds to the common school funds

would be an unconstitutional diversion of taxes.

As we view it, the constitutional provision has no application to the funds involved herein. Under the provisions of section 12756, O. S. 1931, the purchaser of real estate at a resale tax sale takes an "absolute and perfect title in fee simple to said land," and the execution of said deed pursuant to a valid sale cancels all delinquent taxes, penalties, interest, and costs previously assessed or existing against said real estate. By the terms of section 12750, O. S. 1931, when land is purchased by the county treasurer at a tax resale, the county acquires all the rights, legal and equitable, that any other purchaser could acquire by reason of said purchase. By these provisions it is evident that prior to the time the land is sold by the county, there is no tax due, the same having been canceled by operation of law, and the county is vested with authority to make a sale of the land, upon compliance with the applicable statutory proceedings.

By the terms of section 12755, supra, the sale price of the property is to be fixed by the board of county commissioners. This price may be a greater or lesser amount than the amount of taxes, interest, penalty, and costs existing against the land at the time of sale to the county. Plaintiffs contend that the sum received upon sale of said lands by the board of county commissioners is in lieu of the taxes levied against the land and that the fund received from the sale should be identified and distributed as the original taxes. It must be borne in mind, however, that the levy and collection of taxes are remedial statutory proceedings, and that such statutes are valid unless they contravene specific provisions of the Constitution.

Under these statutory provisions, it is evident that the funds in question here do not constitute a "tax levied and collected," as contemplated by the provisions of section 19, art. 10, of the Constitution, and the statute directing the distribution of the funds to the common school fund of the county does not contravene the constitutional provision. Anderson v. Ritterbusch, 22 Okla. 761, 98 P. 1002.

The judgment of the trial court is affirmed. The time for filing petition for rehearing is reduced to ten days from the filing hereof.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, BAYLESS, BUSBY, and WELCH, JJ., concur.